NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESTERNGECO L.L.C.,**
*Plaintiff-Cross-Appellant*

**v.**

**ION GEOPHYSICAL CORPORATION,**
*Defendant-Appellant*

---

2013-1527, 2014-1121, -1526, -1528

---

Appeals from the United States District Court for the Southern District of Texas in No. 4:09-cv-01827, Judge Keith P. Ellison.

---

## ON PETITION FOR REHEARING EN BANC

---

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, HUGHES, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge,* with whom NEWMAN and REYNA, *Circuit Judges,* join, dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

# O R D E R

A petition for rehearing en banc was filed by cross-appellant WesternGeco L.L.C., and a response thereto was invited by the court and filed by appellant ION Geophysical Corporation.  The petition for rehearing and response were first referred to the panel that heard the appeal, and thereafter, to the circuit judges who are in regular active service.  A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

The petition for panel rehearing is denied.

The petition for rehearing en banc is denied.

The mandate of the court will issue on November 6, 2015.

FOR THE COURT

October 30, 2015
         Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WESTERNGECO L.L.C.,**
*Plaintiff-Cross-Appellant*

**v.**

**ION GEOPHYSICAL CORPORATION,**
*Defendant-Appellant*

---

2013-1527, 2014-1121, 2014-1526, 2014-1528

---

Appeals from the United States District Court for the Southern District of Texas in No. 4:09-cv-01827, Judge Keith P. Ellison.

---

WALLACH, *Circuit Judge*, with whom NEWMAN and REYNA, *Circuit Judges*, join, dissenting from the denial of the petition for rehearing en banc.

For the reasons articulated in my dissent from the panel opinion, I dissent from the denial of the petition for rehearing en banc. *See WesternGeco L.L.C. v. ION Geophysical Corp.*, 791 F.3d 1340, 1354–64 (Fed. Cir. 2015) (Wallach, J., dissenting-in-part).

In addition, an amicus brief submitted in support of the petition for rehearing en banc raised the issue of whether extension of the presumption against

extraterritoriality to damages, in the manner done by the panel in this case, is at odds with the longstanding and analogous "predicate act" doctrine in the copyright context. The predicate act doctrine holds that a copyright owner "is entitled to recover damages flowing from the exploitation abroad of . . . domestic acts of infringement." *L.A. News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 991–92 (9th Cir. 1998) (tracing the predicate act doctrine to Judge Learned Hand's opinion in *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45 (2d Cir. 1939), *aff'd*, 309 U.S. 390 (1940)); *see also Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 306 (4th Cir. 2012) ("We adopt the predicate-act doctrine, which posits that a plaintiff may collect damages from foreign violations of the Copyright Act so long as the foreign conduct stems from a domestic infringement."); *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) ("It is well established that copyright laws generally do not have extraterritorial application. There is an exception—when the type of infringement permits further reproduction abroad—such as the unauthorized manufacture of copyrighted material in the United States.").

In this case, WesternGeco's damages flowed from the exploitation abroad of domestic acts of patent infringement under § 271(f). The court's denial of rehearing en banc unfortunately prevents consideration of the predicate act doctrine, which is of particular import given "the historic kinship between patent law and copyright law." *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 439 (1984). For this reason, and for other reasons already explained, I respectfully dissent.